**Abou NASSER–URFI, Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES.**

No. 06–1915.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Oct. 28, 2008.

Filed: Nov. 5, 2008.

Jeffrey B. Steinfeld, Esq., Rem Zeller Law Group, Hackensack, NJ, for Petitioner.

Thankful T. Vanderstar, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: McKEE, NYGAARD, and MICHEL,* Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

The Immigration Court entered orders denying Petitioner, Abou Nasser–Urfi's Application for Asylum. Nasser–Urfi appealed to the Board of Immigration Appeals, which affirmed the Immigration Judge's order. Petitioner now appeals to this court raising two issues. First, that the BIA erred by concluding that Urfi failed to establish a nexus between his alleged mistreatment and a protected ground under the requested forms of relief. And, second, he contends that the record was rendered insufficient because of errors in transcription and recording. We will deny the Petition for Review.

 Because we write only for the parties, who are familiar with the facts and procedure of the case, we will not reiterate them here. It is sufficient to state that we have examined the record below and con-

---

* Honorable Paul R. Michel, Chief Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

clude that Nasser–Urfi has failed to demonstrate that the evidence compels a conclusion contrary to that reached below. He alleged persecution, but provided few details in support of his claim, and proved no nexus between any alleged harm and a statutorily protected ground. Moreover, he has failed to show a well-founded fear of future persecution. In sum, he has failed to prove his eligibility for asylum or withholding of removal.

Finally, we lack jurisdiction to consider his allegations of error with respect to the interpretation and transcription of his removal hearing because he failed to raise the issue before the BIA. Because he failed to exhaust his administrative remedies, this issue is waived. *Alleyne v. INS,* 879 F.2d 1177, 1182 (3d Cir.1989).

In sum and for the foregoing reasons we will deny Nasser–Urfi's Petition for Review.